UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **V.** | : | **CR. No. 07- 137ML** |
| | : | |
| **JUAN RODOLFO FERRO-PADILLA** | : | |
| **a/k/a Juan Rudolfo** | : | |
| **a/k/a Juan Vargas** | : | |
| **a/k/a Jesus Millan** | : | |
| **a/k/a Pedro Barbosa** | : | |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and the defendant, **JUAN RODOLFO FERRO-PADILLA,** a/k/a Juan Rudolfo, a/k/a Juan Vargas, a/k/a Jesus Millan, a/k/a Pedro Barbosa, have reached the following agreement:

1. Defendant's Obligations.

a. Defendant will plead guilty to Count One of the Indictment, which charges the Defendant with Knowingly entering the United States without having received the express permission of the Attorney General, after having previously been deported from the United States, in violation of 8 U.S.C. §§1326(a) and (b)(2) (Count One). Defendant further agrees that the time between the filing of the plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act. (18 U.S.C. 3161).

2. Government's Obligations. In exchange for the Defendant's pleas of guilty:

a. The government will recommend that the Court impose a term of imprisonment at the lowest point of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (the U.S.S.G. or "guidelines") or the mandatory minimum term of

imprisonment pursuant to statute, whichever term is greater, but not including probation or a "split-sentence," even if permitted under the guidelines.

b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if the defendant continues to demonstrate acceptance of responsibility through sentencing.

c. As of the date of this agreement, the defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and the defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless the defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d. The government is free to recommend any combination of supervised release and fines which it deems appropriate.

e. The government will, at the time of sentencing, move to dismiss Count Two of the indictment.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. Except as expressly provided in the preceding paragraphs, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States

and the defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

5. The maximum statutory penalties for the offenses to which the defendant is pleading are as follows:

Count One:

a) Twenty Years imprisonment;

b) a fine of up to $250,000;

c) a term of supervised release of four (4) years; and

d) a mandatory special assessment of $100.

6. Defendant agrees that, after the defendant and his counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

7. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or making a false statement, to use against the defendant any statement that he gives under oath;

b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c. Defendant has the right to a jury trial;

d. Defendant has the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and every other stage of the proceeding;

e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

f. Defendant waives these trial rights if the Court accepts a plea of guilty.

8. Defendant is advised that the government has in its possession certain physical evidence. Defendant understands that the government does not intend to conduct DNA testing of any of this evidence. Defendant further understands that he could request DNA testing of such evidence in this case prior to any finding of guilt against Defendant. Defendant further understands that, following this Court's entry of a judgment of conviction for the offenses to which he is pleading guilty, the defendant has the right to request DNA testing of such evidence pursuant to 18 U.S.C. § 3600.

Knowing and understanding this right to request such DNA testing, the defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that he will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that he is innocent of the offenses to which the defendant is pleading guilty. Defendant further understands that by waiving and giving up this DNA testing right, the physical evidence in this case need not be retained for any such purpose.

9. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right

to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Except for paragraphs 1 and 2, above, the parties have made no agreement concerning the application of the guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than the defendant expects, the defendant will not be allowed to withdraw his plea of guilty.

12. Defendant understands that he may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives his right to file a direct appeal, if the sentence imposed by the Court is within the guideline range determined by the Court or lower. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if the defendant pleads guilty, fulfills all his obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if he violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations

that it deems appropriate. If that occurs, the defendant shall not have the right to withdraw his guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced the defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to the defendant, and states that to the best of Counsel's knowledge and belief, the defendant understands the agreement.

17. Defendant states that he has read the agreement or has had it read to him, has discussed it with his Counsel, understands it, and agrees to its provisions.

Juan Rodolfo Ferro
JUAN RODOLFO FERRO-PADILLA
Defendant

2/12/2008
Date

JAMES T. MCCORMICK, ESQUIRE
Counsel for Defendant

2/12/08
Date

MARY ROGERS
Assistant U.S. Attorney

2-15-08
Date

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
Chief, Criminal Division

Date

I hereby certify that I truly and accurately sight translated the above plea agreement for JUAN RODOLFO FERRO-PADILLA on 02-08-08 in the presence of his/her attorney and Defendant acknowledged that he/she understood all of the provisions of the agreement.

JOSE N. KLEINBERG
Name of Interpreter (Print)

Signature of Interpreter